UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE:

MIYKAEL MUHAMMAD,
ex rel MICHAEL GARDNER &
ADA GARDER

Case No. 1:14-cv-695

Beckwith,.J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff brings this *pro se* action seeking to administer the Estate of Ava and Ralph Gardner and be declared the rightful heir thereto. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.   *See* 28 U.S.C. § 1915(e)(2)(B). Upon careful review, the undersigned finds that the complaint fails to state a claim for relief and is also barred by *res judicata,* and therefore recommends dismissal of the complaint.

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th

Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Here, the complaint alleges that Plaintiff is the rightful heir of Ralph and Ada Gardner. As such, Plaintiff seeks to "immediately inherit and administrate all properties, its contents and assets" associated with the estate of Ada Gardner. (Doc. 1 at 5).

2

Plaintiff presented these same claims to this Court in *In re: Miykael Muhammad*, 1:14-mc-09 (S.D. Ohio, filed April 22, 2012). In that case, Plaintiff alleged that he is the heir and power of attorney of Ralph and Ada Gardner. As such, he sought "to obtain the function of Administrator of the properties." (Doc. 1 at 2). For relief, Plaintiff requested an Order from the Court appointing him as the administrator of the estate of Ralph and Ada Gardner to allow him to "place the properties under the Gardner Education Trust." *Id.* On May 21, 2014, the Court dismissed Plaintiff's complaint with prejudice on the ground that Plaintiff fails to state a claim upon which relief may be granted. Namely, 'a federal court has no jurisdiction to probate a will or administer an estate . . . .'" *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007) (quoting *Markham v. Allen*, 326 U.S. 490, 494 (1946)). Accordingly, the claims asserted in Plaintiff's *instant* complaint fail to state a claim for relieve because such claims are reserved to the exclusive jurisdiction of state probate court. See *Marshall v. Marshall*, 547 U.S. 293, 296 (2006). Moreover, such claims are also barred from review under the doctrine of *res judicata*.

"The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in [that] prior action." *Harris v. Ashley*, No. 97-5961, 1998 WL 681219, at *2 (6th Cir. Sept. 14, 1998) (per curiam) (quoting *Kane v. Magna Mixe*r *Co.*, 71 F.3d 555, 560 (6th Cir. 1995), in turn quoting F*ederated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Consideration of a subsequent complaint is precluded under the res judicata doctrine if: (1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; (2) the subsequent action involves the same

3

parties, or their privies, as the first action; (3) the second action raises issues or claims which were either actually litigated or should have been raised and litigated in the prior action; and (4) there is an "identity" between the causes of action to the extent the "claims arose out of the same transaction or series of transactions, or . . . the same core of operative facts."  *Browning v. Levy*, 283 F.3d 761, 771-72, 773-74 (6th Cir. 2002) (internal citation and quotation omitted); see also *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006).

As detailed above, all four elements necessary for the application of the res judicata doctrine are present in this case. Therefore, the complaint is subject to dismissal because the doctrine *of res judicata* applies to bar consideration of the complaint, which raises claims that were or should have been raised in the prior lawsuit involving the same parties that was dismissed with prejudice.

Accordingly, for these reasons, it is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B).  It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.  See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

   *s/ Stephanie K. Bowman*   
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

IN RE:

    MIYKAEL MUHAMMAD,
    ex rel MICHAEL GARDNER &
    ADA GARDER

Case No. 1:14-cv-695

Black,.J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).